IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-00284-JD |
| ) | |
| JOSHUA DANIEL-ENOCH COX, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant Joshua Daniel-Enoch Cox's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) ("Motion") [Doc. No. 77]. Mr. Cox asserts that he is eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines as a zero-point offender. Motion at 1. Assistant Federal Public Defender Laura K. Deskin, in accordance with this District's General Order 23-6 and this Court's Order [Doc. No. 80], filed a Notice Regarding Defendant's Ineligibility for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on the Retroactive Application of USSG Amendment 821 [Doc. No. 82].

The United States responded in opposition to the Motion [Doc. No. 85], and the United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 78]. For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction. Because Mr. Cox was convicted of a sex offense under Chapter 117 of Title 18 of the United States Code, he is ineligible for a reduction under USSG § 4C1.1(a)(5).

I.  **BACKGROUND**

On October 20, 2022, Mr. Cox entered a plea of guilty to Count 4 of the Indictment charging him with interstate travel with intent to engage in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b). [Doc. Nos. 14, 28–32]. On August 21, 2023, the USPO filed the Second Revised Final Presentence Investigation Report ("PSR"). [Doc. No. 38].

The PSR calculated a total criminal history score of zero for Mr. Cox, placing him in a criminal history category of I. PSR ¶ 65. Based on a total offense level of 34 and a criminal history category of I, Mr. Cox's advisory guideline range for imprisonment was 151 months to 188 months. *Id.* ¶ 102.

At the sentencing hearing held on September 19, 2023, the Court adopted the PSR without change. [Doc. No. 52 at 1], and sentenced Mr. Cox to a term of imprisonment of 216 months. Judgment at 2 [Doc. No. 51 at 2].

II. **DISCUSSION**

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "'is warranted in whole or in part'" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the second step, "a matter of discretion, is whether an authorized reduction is in fact *warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that

3

§ 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

If a retroactive amendment to the guidelines "does not have the effect of lowering the defendant's applicable guideline range," a reduction in the defendant's sentence is inconsistent with the Sentencing Commission's policy statements and not authorized by § 3582(c)(2). USSG § 1B1.10(a)(2)(B). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with [the Commission's] policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10, cmt. n.1(A).

Based on the Court's review of the parties' submissions and the USPO's Preliminary Report, the Court finds that Mr. Cox is not eligible for a sentence reduction under Amendment 821. Relevant here is Part B of Amendment 821, which created a new guideline—USSG § 4C1.1—providing for a decrease of two offense levels for "Zero-Point Offenders." *See* USSG Suppl. to App. C, Amend. 821 (Part B) (Zero-Point Offenders). With respect to USSG § 4C1.1, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

(1)   the defendant did not receive any criminal history points from Chapter Four, Part A;

(2)   the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

4

(3)  the defendant did not use violence or credible threats of violence in connection with the offense;

(4)  the offense did not result in death or serious bodily injury;

(5)  the instant offense of conviction is not a sex offense;

(6)  the defendant did not personally cause substantial financial hardship;

(7)  the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8)  the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9)  the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*See* USSG § 4C1.1(a) (Nov. 2023).[1]

Although Mr. Cox did not receive any criminal history points from Chapter Four, Part A, of the Sentencing Guidelines, his instant offense of conviction[2]—a sex offense under Chapter 117 of Title 18, United States Code—renders him ineligible under § 4C1.1(a)(5) for a sentence reduction. *See* USSG § 4C1.1(a)(5), (b)(2)(iii).

---

[1] The Sentencing Guidelines were amended on November 1, 2024, and USSG § 4C1.1(a)(10) was split into two provisions, (a)(10) and (a)(11). However, those changes do not impact the Court's analysis here regarding § 4C1.1(a)(5), which remains unchanged following the recent amendments.

[2] A violation of 18 U.S.C. § 2423(b) (interstate travel with intent to engage in a sexual act with a minor) falls under Chapter 117 of Title 18 of the United States Code.

Thus, because the reduction is not authorized, the Court lacks jurisdiction under § 3582(c)(2) to modify Mr. Cox's sentence and dismisses the Motion. *See White*, 765 F.3d at 1250 (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).

### III. CONCLUSION

Defendant Joshua Daniel-Enoch Cox's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) [Doc. No. 77] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 15th day of November 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE